IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Anthony Robert Taylor, #197565, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Cecilia Reynolds, Warden of )<br>Kershaw Correctional Institution, )<br>)<br>Respondent. )<br>) | Civil Action No. 6:07-1696-HMH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**BACKGROUND OF THE CASE**

The petitioner was indicted in April 1992 by a Richland County grand jury for possession with intent to distribute marijuana. (92-GS-40-2725). On April 14, 1993, a jury returned a verdict of guilty of possession of marijuana. The petitioner was sentenced to one year imprisonment and a fine of $2,000. The respondent found no record of an appeal from the action.[1]

On August 18, 1993, the petitioner pleaded guilty to an indictment charging him with trafficking in marijuana (93-GS-40-8223, superceding 92-GS-40-1613). He was sentenced

---

[1] The petitioner admits no appeal was taken in the PCR application in C/A No. 2004-CP-40-683, p. 2).

to imprisonment for 15 years. On PCR, the judge vacated the guilty plea and sentence and a new trial was granted as the petitioner was not correctly advised of the mandatory punishment for the offense by either counsel or the trial judge (resp. m.s.j., doc. no. 22, ex. 6, 12/19/94 Order).

The record reveals that the petitioner is currently incarcerated in the South Carolina Department of Corrections at the Kershaw Correctional Institution pursuant to orders of commitment from the Richland County Clerk of Court. On June 19, 1996, a jury convicted the petitioner of possession with intent to distribute marijuana and distribution of marijuana. The trial judge sentenced the petitioner to 20 years imprisonment for the possession with intent to distribute charge, and 10 years, consecutive, for distribution. The petitioner is currently serving the sentence imposed in 1996. The petitioner filed a direct appeal of the 1996 conviction and sentence, which was dismissed by the South Carolina Court of Appeals on April 8, 1998. The remittitur was issued on June 30, 1998. The petitioner filed a state PCR application on November 12, 1998, which was dismissed on June 16, 2000. The petitioner filed a second PCR on June 26, 2000. The PCR was dismissed, and the South Carolina Supreme Court denied the petition for certiorari on November 25, 2002. On January 16, 2003, the petitioner filed a federal habeas action attacking his 1996 conviction and sentence. The Honorable Henry M. Herlong, Jr., United States District Judge, denied relief on that petition on July 22, 2003. *Taylor v. Rushton*, 6:03-cv-257-HMH. On February 12, 2004, the petitioner filed a state PCR application alleging that the 1993 trafficking conviction should not have been used to enhance the 1996 sentence. That action was dismissed as untimely on March 16, 2006.

In his petition now before this court, the petitioner raises the following challenge to his 1993 conviction (verbatim):

> **Ground one**: That the trial court judge abused his discretion when he use Petitioner 1993 Prior conviction and sentence for purpose of enhancement to increase Penalty.

2

> **Supporting facts**: The Petitioner asserts that he has been prejudice by the unconstitutional use of his 1993 Prior Conviction for enhancement purposes, and that he is still suffering an continuing effect from the unconstitutional use of the 1993 Prior, and he was entitled to collaterally attack his prior conviction usages, where there is no statute of limitations period mention in the statute as to a limit for challenging usage of Prior, notwithstanding any Procedure bar where the 1993 prior was vacated by the 1993 PCR court and uphelded by State Highest Court, 1994 making the use of the 1993 prior a unconstitutional usage and prejudice Petitioner present sentence.

On December 10, 2007, the respondent filed a motion for summary judgment. By order filed December 11, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On January 30, 2008, the petitioner filed his response to the motion, as well as his own motion for summary judgment. The respondent filed her response to the petitioner's motion on February 19, 2008, and the petitioner filed an additional response on February 27, 2008.

In his petition, the petitioner claims that his conviction and sentence on the trafficking charge from August 1993 should not have been used in enhancing the 1996 sentence he is now serving[2]. However, the respondent in her motion for summary judgment stated that it is the use of the possession of marijuana conviction and sentence from April 1993 in enhancing the 1996 sentence that the petitioner is addressing in the instant petition. Because of the confusion and the fact that the parties were arguing about different issues, this court issued an order on April 17, 2008, allowing the respondent to file an amended motion for summary judgment, which she did on May 5, 2008. By order filed May 6, 2008, pursuant to *Roseboro*, 528 F.2d 309, the petitioner was again advised of the summary

---

[2]In his amended petition (doc. no. 9), the petitioner references the original indictment number from the August 1993 plea; he notes that it was a plea and not a trial; he references his sentence of 15 years; and he references the fact that the PCR judge granted relief (amended petition at 1-3).

3

judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On May 28, 2008, the petitioner filed his response to the motion, as well as another motion for summary judgment of his own.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> Title 28, U.S.C., Section 2244(d) provides:
>
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the

4

>Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

## **ANALYSIS**

As set forth above, the petitioner is currently serving a sentence imposed in 1996. In the instant petition, the petitioner challenges the use of the 1993 conviction for trafficking in marijuana[3] in enhancing the sentence imposed in 1996. This court finds that the petitioner therefore satisfies the custody requirement. *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401-402 (2001) ("[The petition] can be (and has been) construed as 'asserting a challenge to the [current sentence], as enhanced by the allegedly invalid prior conviction." . . . . Accordingly, [the petitioner] satisfies § 2254's 'in custody' requirement.").

However, as set forth above, the petitioner has previously filed a habeas petition attacking his 1996 conviction and sentence. The Honorable Henry M. Herlong, Jr., United States District Judge, denied relief on that petition on July 22, 2003. *Taylor v. Rushton*, 6:03-cv-257-HMH. Title 28, United States Code, Section 2244, governs the propriety of filing successive applications. The statute provides in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district

---

[3] In another habeas petition before this court, the petitioner challenges the use of a 1987 conviction in enhancing the sentence imposed in 1996. *See Taylor v. Reynolds*, C.A. No. 6:07-1814-HMH-WMC.

5

court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication that the petitioner has properly requested permission to file a second application for habeas relief. The issue as presented is based on facts known or knowable by the petitioner at the time of the prior filing, and thus it would be unlikely that such permission to file a second application for habeas relief would be given. *See* 28 U.S.C. § 2244(b)(2).

Furthermore, as argued by the respondent, the sentencing proceeding from the 1996 conviction reflects that three prior convictions were referenced, but the 1993 trafficking conviction is not mentioned (resp. m.s.j., doc. no. 22, ex. 1, 2). Thus, the petitioner cannot show that the 1993 trafficking conviction was even considered, much less relied upon, at sentencing, and he would not be entitled to relief even if the issue could be heard. *See Lackawanna*, 532 U.S. at 406 ("the challenged prior conviction must have adversely affected the sentence that is the subject of the habeas petition" for the petitioner to be entitled to receive relief).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the respondent's motions for summary judgment (docs. 21, 35) be granted and the habeas petition be dismissed. Further, this court recommends that the petitioner's motions for summary judgment (docs. 28, 46) be denied. The pending nondispositive motions will be held in abeyance pending the district court's disposition of the motions for summary judgment. Should the district judge adopt this court's recommendation, any nondispositive motions will be rendered moot.

June 11, 2008                                          s/ William M. Catoe
Greenville, South Carolina                  United States Magistrate Judge